## NATHANIEL WILSON *versus* BARNARD GANNON..

Levies, in which illegal fees may have been included, remain unaffected by R. S., c. 76, § 20, and are not to be defeated for that cause.

The return of the levying officer that he " delivered seizin and possession to" a person named, "attorney for the said" creditor "for the purpose of receiving seizin and possession," &c., as per his receipt hereon, is *prima facie* evidence that the person named was the attorney, and received seizin and possession of the premises.

The omission of the person thus named as attorney, to certify that he had received seizin and possession, is no contradiction of the officer's return, and cannot divest the creditor of the rights secured by the levy.

And a writ of entry, subsequently brought by the execution creditor claiming title under the levy, adopts the levy and affirms the agency of the attorney.

ON REPORT.

WRIT OF ENTRY.

Both parties claim under one Kelley, — the plaintiff by virtue of a levy made July, 1856, and duly recorded, and the defendant by a deed of warranty, made, executed and recorded subsequent to the record of the levy.

The judgment, upon which the levy was based, was recovered April, 1856, and was for $72,92 debt, $17,73 cost, making in all, $90,65.

The officer stated, in his return upon the execution, that he " delivered seizin and possession of the above described real estate to Gilman L. Blake, attorney for the said Nathaniel Wilson, for the purpose of receiving seizin and possession, to hold," &c., " as appears by his receipt hereon." Upon the back of the execution a formal receipt of seizin and possession was written, but it bore no signature. The officer's fees and charges were taxed at $21,70, or $8,77, in excess of legal fees.

*N. Wilson, pro se.*

*R. A. Frye,* for the defendant.

APPLETON, C. J.—It has been repeatedly held, that a levy is not to be avoided because the officer has taxed, and caused to be satisfied in the extent, fees not authorized by law. *Sturtevant* v. *Frothingham,* 10 Maine, 100. The officer in such case is liable to the debtor, but the levy is held valid. The creditor is not to suffer by reason of such extortion on the part of the officer. *Holmes* v. *Hall,* 4 Met., 419; *Odiorne* v. *Mason,* 9 N. H., 24; *Glidden* v. *Chace,* 35 Maine, 90; *Keen* v. *Briggs,* 46 Maine, 469.

If, however, the levy exceeds the amount due on the execution, and the costs and charges as taxed by the officer, though illegally taxed, the value of any coin which is a legal tender, it is void. *Glidden* v. *Chace,* 35 Maine, 90. The levy in such case is void, though the excess be but fifty-two cents, as in *Thayer* v. *Mayo,* 34 Maine, 142, or but fourteen cents, as in *Glidden* v. *Chace.*

By R. S., 1857, c. 76, § 20, " when, by an error of the officer in a levy already made or to be made, the amount for which it was made exceeds the amount of debt or damage, costs, interest and cost of levy, by a sum not greater than one per cent., of said amount, such levy shall be legal and valid, if otherwise legally made; and the debtor or owner of the estate may maintain an action against the officer or his principal to recover any damages occasioned thereby, or a bill in equity against the creditor to have such error corrected, and the Court may correct it, in any manner that may be just and equitable, or decree a pecuniary compensation for the injury."

This Act was passed to remedy the evils resulting from the class of decisions already referred to, in which there was a trifling excess of the value of the land taken over and above the execution, interest thereon and costs of levy, as taxed on the execution. It was not the purpose of the Legislature to render void what by the previous decisions had been declared valid. The levies, therefore, in which illegal fees may have been included, remain unaffected by the statute and are not to be defeated for that cause.

By R. S., 1857, c. 76, § 5, among other requirements, the officer is to state in his return "that he delivered seizin and possession to the creditor or his attorney." The officer in the case before us, in his return, states that he "delivered seizin and possession to Gilman L. Blake, attorney for the said Nathaniel Wilson, for the purpose of receiving seizin and possession," &c. The sheriff's return is at least *prima facie* evidence that Blake was the attorney, and received seizin and possession of the premises upon which the levy was made. If this were doubtful, the plaintiff has adopted the extent and affirmed the agency of his attorney by the present suit. *Odiorne* v. *Mason*, 9 N. H., 24. The omission of Blake to certify that he had received seizin and possession, is no contradiction of the officer's return, and cannot divest the plaintiff of the rights thereby acquired. The Court will be governed by the officer's return, and that is sufficient. *Bamford* v. *Melvin*, 7 Maine, 14.

As no other objections to the levy are alleged to exist, there must, according to the agreement of the parties, be judgment for the plaintiff.　　　　*Defendant defaulted.*

KENT, WALTON, BARROWS, DANFORTH and TAPLEY, JJ., concurred.